UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

VALINCIA JONES-EDWARDS,                    CASE NO.:

    Plaintiff,

v.

AMERICAN WATER WORKS
SERVICE COMPANY, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, VALINCIA JONES-EDWARDS, ("Ms. Jones-Edwards" or "Plaintiff"), brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), seeking recovery from AMERICAN WATER WORKS SERVICE COMPANY, INC., ("AW" or "Defendant") for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, injunctive relief, equitable relief, front pay, declaratory relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

1. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

2. At all times relevant hereto, Plaintiff was an employee of Defendant, and resided in Escambia County, Florida.

3. Defendant is a Foreign Profit Corporation Company that is located and does business in Escambia County, Florida, and is therefore within the jurisdiction of this Court.

4. Plaintiff worked for Defendant in Escambia County, Florida, and therefore the proper venue for this case is the Pensacola Division of the Northern District of Florida.

5. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that: (a) Plaintiff's daughter suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take

FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. Ms. Jones-Edwards worked for AW, most recently as a Customer Service Representative, from January 25, 2003, until her termination on July 14, 2020.

8. During her many years with AW, Ms. Jones-Edwards was an excellent employee, and had no significant history of non-medical attendance, tardiness, or disciplinary issues.

9. Unfortunately, Ms. Jones-Edwards' daughter, Jessica Jones, suffers chronic, serious health conditions, including asthma, polycystic ovary syndrome, and hidradenitis.

10. In March of 2020, Ms. Jones-Edwards's daughter began experiencing flare-ups of her chronic, serious health conditions.

11. In March of 2020, Ms. Jones-Edwards therefore dutifully applied for intermittent unpaid FMLA leave via AW's third-party benefits coordinator, the Hartford, in order to treat and address her daughter's chronic, serious health conditions.

12. Ms. Jones-Edwards also secured and provided to the Hartford medical certification from her daughter's treating physician.

13. The Hartford mistakenly applied an effective date of June 1, 2020, to Ms. Jones-Edwards's intermittent FMLA leave approval, rather than the date on the FMLA paperwork, which was March 24, 2020.

14. On July 14, 2020, AW informed Ms. Jones-Edwards that it was terminating her employment, effective immediately.

15. In so doing, AW cited absences in March and April of 2020, during Ms. Jones-Edwards's period of FMLA leave.

16. It is clear that AW terminated Ms. Jones-Edwards's employment in retaliation for her daughter suffering a serious health condition, and in retaliation for her utilization of a period of continuous FMLA leave in order to treat and address the condition.

17. AW's adverse employment actions recounted herein were taken in interference with, and retaliation for, Ms. Jones-Edwards disclosing her daughter's serious health condition and utilizing or attempting to utilize unpaid FMLA leave to address his condition.

18. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

19. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation.

20. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

21. The timing of Plaintiff's attempted use of what should have been protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

22. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization of what should have been protected FMLA leave.

23. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

24. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

25. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

26. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

27. At all times relevant hereto, Plaintiff was protected by the FMLA.

28. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

29. At all times relevant hereto, Defendant interfered with Plaintiff by failing to properly certify her leave as protected FMLA leave, and therefore denying Plaintiff's ability to exercise her FMLA rights freely.

30. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

31. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION UNDER THE FMLA

32. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-25, above.

33. At all times relevant hereto, Plaintiff was protected by the FMLA.

34. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

35. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating for utilizing or attempting to utilize what should have been FMLA-protected leave.

36. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff attempted to exercise her rights to take approved leave pursuant to the FMLA.

37. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

38. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages,

equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 11th day of July, 2022.

                Respectfully Submitted,

                */s/ Noah E. Storch*
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                10368 W. SR. 84, Suite 103
                Davie, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*